UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPARKLE POP LLC,<br>A Delaware Limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DYNAMIC FORCES, INC,<br>A New Jersey Corporation,<br><br>Defendant. | :<br>:<br>:<br>:<br>: Case No.: 25-cv-15517<br>:<br>:<br>:<br>: ANSWER, AFFIRMATIVE DEFENSES,<br>: AND COUNTERCLAIM<br>:<br>:<br>: |

By way of Answer to Plaintiff, Sparkle Pop, LLC ("Sparkle Pop") comes Defendant, Dynamic Forces, Inc. ("Dynamic") and responds as follows:

## INTRODUCTION

1. Denied.

## PARTIES

2. Denied in part, Sparkle Pop is not the holder of all right title and interest to the assets and receivables owing to Diamond Comic Distributors ("DCD") pursuant to an Order of the United States Bankruptcy Court for the District of Maryland. Dynamic is without sufficient information to ascertain the truth of the remainder of this allegation, as such, Sparkle Pop is left to its proofs.

3. Admitted.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted in part; it is specifically denied that Sparkle Pop acquired the contract at issue as part of the DCD Bankruptcy sale.

## FACTUAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Admitted in part; denied that any contract, receivable, and/or consignment related to Dynamic was purchased through the DCD Bankruptcy sale.

14. Admitted, nothing is due.

## COUNT I – BREACH OF CONTRACT

15. Dynamic incorporates herein its responses to the preceding paragraphs as if fully set forth herein.

16. Admitted in part, denied that Dynamic agreed to pay for certain fees and expenses incurred by DCD at all times relevant to the claims asserted in this matter.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## COUNT II – QUANTUM MERUIT RECOVERY

23. Dynamic incorporates herein its responses to the preceding paragraphs as if fully set forth herein.

24. Denied.

25. Denied.

26. Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, Dynamic Forces, Inc. requests the entry of a judgment against Plaintiff, Sparkle Pop, LLC, denying with prejudice Plaintiff's claims against all parties, awarding Defendant all reasonable attorneys' fees and costs; and awarding Defendant such other and further relief as the Court deems equitable and just.

## AFFIRMATIVE RELIEF

1. Plaintiff's claims are barred in whole or in part based on the applicable statute of limitations.
2. Plaintiff's claims are barred in whole or in part, based on the doctrine of impossibility of performance.
3. Plaintiff's Complaint fails to state a claim upon which relief could be granted.
4. Plaintiff's equitable claims must fail pursuant to the doctrine of unclean hands.
5. Plaintiff's claims are barred by the failure to perform a condition precedent.
6. Plaintiff's claims are barred based on the doctrines of equitable or promissory estoppel.
7. Plaintiff's claims are barred by the doctrine of waiver.
8. Plaintiff's claims are barred by the doctrine of laches.
9. Plaintiff's claims are barred by the doctrine of unjust enrichment.
10. Plaintiff's claims are barred by agreement and release.

11. Plaintiff has failed to mitigate its damages.

12. Any alleged damages of the Plaintiff are subject to the doctrine of set-off.

13. Plaintiff's claims are barred in whole or in part, by the doctrine of accord and satisfaction.

14. Plaintiff's claims are barred in whole or in part, as any damages alleged are the result of its own wonton or negligent conduct.

15. Defendant reserves the right to amend its Answer and these Affirmative Defenses or include additional defenses, based upon facts adduced during the courts of discovery and/or trial.

## COUNTERCLAIM

1. Counterclaimant, Dynamic Forces, Inc. (hereinafter "Dynamic") is a corporation organized under the laws of the State of New Jersey with its principal place of business is in the State of New Jersey, Burlington County.

2. Counterclaim Defendant, Sparkle Pop, LLC (hereinafter "Sparkle Pop") is a limited liability company organized under the laws of the State of Delaware.

3. Sparkle Pop and Diamond Comic Distributors (hereinafter "DCD") entered into an Asset Purchase Agreement dated April 27, 2025, which specifically excluded consignment goods.

4. By Order dated May 1, 2025, Sparkle Pop's purchase of *certain* assets of DCD was approved by the United States Bankruptcy Court for the District of Maryland.

5. Nevertheless, on or about May 15, 2025, Sparkle Pop took possession of consigned goods owned by Dynamic Forces which were located in the DCD warehouse without Sparkle Pop having any authority to sell, distribute, or retain payment for said goods.

6. In addition to taking possession of the warehouse, Sparkle Pop gained control over the consigned goods inventory and distribution systems which advised vendors regarding the sale and distribution of their goods through a portal formerly operated by DCD.

7. Dynamic received notifications and information related to the ongoing distributions of their consigned goods beginning May 15, 2025 through September 7, 2025.

8. During that time, Sparkle Pop refused to cease the unauthorized distribution of consigned goods, and further, refused to remit funds to Dynamic related to such sales.

9. The Bankruptcy Court entered a Consent Order dated September 12, 2025 to prevent further distribution of the consigned goods which were not sold to Sparkle Pop as part of the Asset Purchase Agreement.

10. Sparkle Pop has received payment for goods which it had no authority to sell and/or distribute.

11. Dynamic demands payment for consigned goods sold by Sparkle Pop since April 27, 2025 in the amount of $644,403.35.

## COUNT ONE – UNJUST ENRICHMENT

12. Dynamic hereby incorporates by reference the allegations in the foregoing paragraphs as if set forth fully herein.

13. Prior to the Asset Purchase Agreement dated April 27, 2025, Dynamic published the valuable consigned goods and provided said goods to DCD, prior to Sparkle Pop's purchase of certain assets, with an agreement that Dynamic would be compensated upon the sale and distribution of consigned goods.

14. Sparkle Pop's Asset Purchase Agreement dated April 27, 2025 specifically excluded the consignment inventory in the sale approved by the Bankruptcy Court on May 15, 2025.

15. Nevertheless, in or around May of 2025, Sparkle Pop took control of the consigned goods, received payment for said distribution, and refused to remit funds due and owing to Dynamic.

16. Sparkle Pop has been enriched by selling consignment inventory to Dynamic's detriment.

17. As a result, Sparkle Pop has been unjustly enriched and Dynamic is entitled to recover the amount due for the sale of consigned goods between May 1, 2025 through September 12, 2025.

## COUNT TWO – QUANTUM MERUIT

18. Dynamic hereby incorporates by reference the allegations in the foregoing paragraphs as if set forth fully herein.

19. In or around May of 2025, Sparkle Pop distributed consigned goods, received payment for said distribution, and refused to remit funds due and owing to Dynamic.

20. Dynamic published the valuable consigned goods and provided said goods to DCD, prior to Sparkle Pop's purchase of certain assets, with the reasonable expectation that Dynamic would be compensated upon the sale and distribution of consigned goods.

21. On or about May 15, 2025, Sparkle Pop unjustly took possession of the consigned goods, distributed the consigned goods without the authority to do so, and benefited from the sales.

22. As a result, Sparkle Pop has been unjustly enriched and Dynamic is entitled to recover the reasonable fair market value for the sale of consigned goods between May 1, 2025 through September 12, 2025.

## COUNT THREE – BREACH OF CONTRACT

23. Dynamic hereby incorporates by reference the allegations in the foregoing paragraphs as if set forth fully herein.

24. The Asset Purchase Agreement included *certain* assets of DCD and specifically excluded the consignment inventory.

25. If the Bankruptcy Court assigned the Dynamic contract with DCD as part of the assets included in the Asset Purchase Agreement, Sparkle Pop was obligated to pay for the sale and distribution of any and all consigned goods in which it was in possession and control over.

26. Beginning in May of 2025 until September 12, 2025, Sparkle Pop sold and distributed goods which were published by Dynamic and consigned to the DCD warehouse, pursuant to the contract, which Sparkle Pop took control over on or about May 15, 2025.

27. Sparkle Pop failed to perform under the contract and breached the contract by failing to remit funds due and owing for the sale of consigned goods.

28. The total amount due and owing for the aforementioned sale and distribution between May 1, 2025 through September 12, 2025 is $644,403.35.

29. As a result of Sparkle Pop's breach of the contract, Dynamic has suffered damages in the amount of $644,403.35 with interest continuing to accrue.

## COUNT FOUR – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

30. Dynamic hereby incorporates by reference the allegations in the foregoing paragraphs as if set forth fully herein.

31. Sparkle Pop alleges to have acquired the Agreement between Dynamic and DCD as part of the Asset Purchase Agreement dated April 27, 2025.

32. Sparkle Pop took possession of the DCD warehouse while knowing that Sparkle Pop was not empowered or authorized to distribute the consigned inventory.

33. Dynamic has an interest in the consigned inventory which is described by the terms of its Agreement with DCD.

34. Sparkle Pop's conduct caused harm to Dynamic's right to receive benefits of the Agreement.

35. As a result of Sparkle Pop's breach of the covenant of good faith and fair dealing, Dynamic has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE,** Dynamic prays that the Court enter judgment in its favor and against Sparkle Pop as follows:

A. Awarding Dynamic all compensatory damages in an amount to be proven at trial.

B. Awarding Plaintiff all interest and costs and disbursements, including attorneys' fees as authorized by law.

C. Grant such other relief as it deems necessary and proper.

                MCDOWELL LAW, PC
                Attorneys for Defendant/Counterclaimant

                *Rachael B. Brekke*
                RACHAEL B. BREKKE, ESQ

Dated: October 28, 2025

## JURY TRIAL DEMAND

Dynamic Forces, Inc. hereby demands a jury trial on all issues and claims.

                *Rachael B. Brekke*
                RACHAEL B. BREKKE, ESQ

<u>DESIGNATION OF TRIAL COUNSEL</u>

RACHAEL B. BREKKE, ESQ. is hereby designated as trial counsel for the Defendant/Counterclaimant, Dynamic Forces, Inc.

        MCDOWELL LAW, PC
        Attorneys for Defendant/Counterclaimant

        *Rachael B. Brekke*
        RACHAEL B. BREKKE, ESQ

<u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

This matter in controversy is the subject of the United States Bankruptcy Court for the District of Maryland Case No. 25-10308-(DER). I hereby certify that this matter in controversy is not the subject of any other actions pending in any court or arbitration proceedings, or any such contemplated other actions or arbitration proceedings, with the exception of the actions so named herein. I know of no other parties that should be made part of this lawsuit. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

        MCDOWELL LAW PC

        *Rachael B. Brekke*
        RACHAEL B. BREKKE, ESQ

Dated: October 28, 2025